**CENTRAL IOWA HOSPITAL CORPO-
RATION, a successor-in-interest to
Iowa Lutheran Hospital, Appellant**

v.

**Kathleen SEBELIUS, as Secretary of
Health and Human Services,
Appellee.**

**No. 11–5084.**

United States Court of Appeals,
District of Columbia Circuit.

May 11, 2012.

Robert E. Mazer, Esquire, Ober, Kaler, Grimes & Shriver, PC, Baltimore, MD, Harold G. Belkowitz, Ober, Kaler, Grimes & Shriver, PC, Washington, DC, for Appellant.

Ronald C. MacHen, Jr., Esquire, U.S., U.S. Attorney's Office, Joel McElvain, Senior Counsel, Michael S. Raab, Tony West, U.S. Department of Justice, Mark Douglas Polston, Janice L. Hoffman, Associate General Counsel, U.S. Department of Health & Human Services (HHS) Office of

General Counsel, Washington, DC, for Appellee.

Before: GARLAND and KAVANAUGH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. *See* FED. R.APP. P. 34(f); D.C. CIR. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Central Iowa Hospital Corporation submitted a claim for reimbursement of losses resulting from the merger of two predecessor entities, Iowa Lutheran Hospital and Iowa Methodist Medical Center. *See* 42 U.S.C. § 1395f(b)(1); 42 C.F.R. § 413.134(a). The Administrator of the Centers for Medicare and Medicaid Services denied the claim in an order dated December 8, 2006. The Administrator's order became the final decision of the Secretary, which the district court upheld. *Cent. Iowa Hosp. Corp. v. Sebelius*, 762 F.Supp.2d 49 (D.D.C.2011). Central Iowa appealed.

Binding precedent forecloses all but one of Central Iowa's arguments. *See Forsyth Mem'l Hosp., Inc. v. Sebelius*, 639 F.3d 534 (D.C.Cir.2011), *reh'g en banc denied*, 652 F.3d 42, *cert. denied,* — U.S. —, 132 S.Ct. 1107, 181 L.Ed.2d 980 (2012); *St. Luke's Hosp. v. Sebelius*, 611 F.3d 900 (D.C.Cir.2010). The sole remaining question is whether the Secretary's decision is supported by substantial evidence. *See* 42 U.S.C. § 1395oo(f). We have no doubt that it is. Medicare regulations state that losses arising from a statutory merger, like the one at issue here, are reimbursable only if the transaction is a "bona fide sale" for "reasonable consideration." *St. Luke's*, 611 F.3d at 903. Iowa Lutheran exchanged more than $60 million in assets for $28.1 million in debt relief when it merged with Iowa Methodist. Further, Iowa Lutheran did not secure a pre-merger appraisal of its property or place its assets for sale on the open market. The Secretary's conclusion that the merger was not a "bona fide sale" therefore is supported by substantial evidence. None of Central Iowa's arguments to the contrary have merit. *See Forsyth*, 639 F.3d at 538–39 (rejecting similar evidentiary claims).

Because the Secretary's "bona fide sale" determination was a sufficient ground for denying Central Iowa's reimbursement claim, we do not reach the parties' additional contentions regarding arm's length bargaining and related party status.

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).